LAURA E. BRACKETT *vs.* HENRY LUBKE & another.

The lessee of a building who has employed a carpenter to repair an awning which extends from the building over a public way, with no special contract as to the terms, price or time of doing the work, is liable for an injury sustained by one who is lawfully using the way, by reason of the carelessness of the carpenter in making the repairs.

TORT to recover damages for a personal injury sustained by the plaintiff, by the falling upon her head of an iron rod, which was part of a frame used to support an awning in front of a

store occupied by the defendants on Washington Street, in Boston. The defendants in their answer admitted that they were lessees of the building to which the frame of the awning was attached, and were in possession of the frame.

At the trial in the superior court, before *Wilkinson,* J., it appeared that the frame belonged to the owner of the building, and the defendants, being desirous of having one end of it moved along six or eight inches, obtained the owner's permission, and engaged a carpenter to do the work, and, having told him what they wished to be done, gave him no further directions, and were not present when the work was done. The carpenter charged them thirty-eight cents for what he did, and received his pay from them. The question of his carelessness was left to the jury ; and, under instructions authorizing them to do so, the jury returned a verdict for the plaintiff, for $1134.25 and the defendants alleged exceptions.

*J. C. Park,* for the defendants.

*D. Thaxter & W. Warren, Jr.* for the plaintiff.

BIGELOW, C. J. This seems to us to be a very clear case. The defendants are liable, because it appears that the negligent act which caused the injury was done by a person who sustained towards them the relation of servant. There was no contract to do a certain specified job or piece of work in a particular way for a stipulated sum. It is the ordinary case where a person was employed to perform a service for a reasonable compensation. The defendants retained the power of controlling the work. They might have directed both the time and manner of doing it. If it was unsafe to make the repairs or alteration at an hour when the street was frequented by passers, it was competent for the defendants to require the person employed to desist from work until this danger ceased or was diminished. If the means adopted to gain access to the awning were unsuitable, the defendants might have directed that another mode should be used. In short, if the work was in any respect conducted in a careless or negligent manner, the defendants had full power to change the manner of doing it, or to stop it, and to discharge the person employed from their service. The mere

fact that the work was done by one who carried on a separate and independent employment does not absolve the defendants from liability. If such were the rule, a party would be exempt from responsibility even for the negligent acts of his domestic servants, such as his cook, coachman or gardener. This point was distinctly adjudicated in *Sadler* v. *Henlock,* 4 El. & Bl. 570. The distinction on which all the cases turn is this : If the person employed to do the work carries on an independent employment, and acts in pursuance of a contract with his employer by which he has agreed to do the work on certain specified terms, in a particular manner and for a stipulated price, then the employer is not liable. The relation of master and servant does not subsist between the parties, but only that of contractor and contractee. The power of directing and controlling the work is parted with by the employer, and given to the contractor. But, on the other hand, if work is done under a general employment, and is to be performed for a reasonable compensation or for a stipulated price, the employer remains liable, because he retains the right and power of directing and controlling the time and manner of executing the work, or of refraining from doing it, if he deems it necessary or expedient. This distinction is recognized in the cases adjudged by this court. *Sproul* v. *Hemmingway,* 14 Pick. 1. *Stone* v. *Codman,* 15 Pick. 299. *Hilliard* v. *Richardson,* 3 Gray, 349. *Linton* v. *Smith,* 8 Gray, 147. In the very recent case of *Pickard* v. *Smith,* decided in the court of common bench in England, and reported in 4 Law Times, (N. S.) 470, it was held that a lessee and occupier of a refreshment room at a railroad station, and of a cellar underneath, who employed a dealer in coal to put coal into the cellar, was liable for damages to a person in consequence of his falling through a trap-door which was left open by the servants of the dealer in coal. The court in that case go so far as to say, that a person may be held liable if the act which causes the injury is one which he employed another to do, or if it is one which it was incumbent on him to perform as a duty, and which he intrusted to another to do in his stead.

In the case at bar, the defendants were bound to see that, in

removing and altering a portion of the awning over the street, no injury should be occasioned to travellers. They cannot escape this duty merely by showing that they employed a person to change its position or structure, by whose negligent act the injury of which the plaintiff complains was inflicted.

*Exceptions overruled*